**Calvin L. BERRY, Plaintiff,**

v.

**E.I. DUPONT DE NEMOURS AND COMPANY, Defendant.**

**Civ. A. No. 83–348–JLL.**

United States District Court,
D. Delaware.

May 14, 1986.

Calvin L. Berry, pro se.

Richard D. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., and Alan G. Burton, of E.I. duPont de Nemours & Co., Inc., Wilmington, Del., of counsel, for defendant.

## OPINION

LATCHUM, Senior District Judge.

The defendant in this case, E.I. duPont de Nemours & Company, Inc. ("DuPont"), has filed a motion for an award of attorney's fees and costs[1] against the plaintiff, Calvin Berry ("Berry"). In an opinion dated December 31, 1985, 625 F.Supp. 1364, the Court granted judgment to the defendant against Berry. In his complaint the plaintiff, who is black, alleged that DuPont had intentionally engaged in unlawful employment practices in violation of Title VII, 42 U.S.C. § 2000e et seq., and Section 1981, 42 U.S.C. § 1981, by denying him a transfer and by ultimately discharging him from employment. (D.I. 1 at ¶ 9.) The alleged unlawful employment practices included failing to assist the plaintiff in locating outside employment through the defend-

ant's "Out-Placement" Service and by failing to provide him with certain benefits and services "normally accorded to employees prior to termination." (Id. at ¶¶ 10–11.) The precise issue on this motion is whether the plaintiff's claim was so "frivolous, unreasonable, or groundless" such that the defendant, as the prevailing party under 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988, should be awarded attorney's fees. The facts of this case have been exhaustively described in the Court's previous opinion and therefore will receive only brief recitation.

## BACKGROUND

Berry was in the Physical Distribution Group ("PDG") of DuPont when the alleged acts of discrimination occurred. As a Distribution Coordinator, Berry was responsible for insuring the use of proper construction materials and size of equipment and for coordinating terminals, plants, and shipping points. (Berry at A–7.) Berry had several supervisors during his employment in this group. The supervisors included Ron Sheff who was the plaintiff's first supervisor for approximately eight months, J. Sipe, and Steven Rogers. Berry's performance deteriorated significantly such that he was being rated unsatisfactory. (DX 9.) At the same time, because of a cost-cutting reorientation of the company with regard to the PDG, a higher standard of performance was required for Distribution Coordinators. Berry was offered a transfer as a Customer Representative in 1981. The transfer did not involve a cut in salary or in benefits either then or in the future. (Selby, C–19.) Berry refused to accept the job. Berry did not qualify for DuPont's Out-Placement Service because he had an alternative job available for him at DuPont. (Antonson, C–77.)

The defendant made a motion for summary judgment (D.I. 23) which the Court

denied on October 30, 1984. (D.I. 31.) In denying this motion, the Court stated that "While the plaintiff does not have a strong case on the present record ... he has pointed to some evidence from which opposing inferences arise concerning the plaintiff's request for a transfer in September, 1980, and the defendant's policy concerning transfers, both of which may be resolved only by determining the credibility of testimony." (D.I. 31 at 2.)

The Court found in its opinion granting final judgment to the defendant that the plaintiff did not file his charges of discrimination under Title VII in a timely fashion, and that therefore his claims under that Act were barred. (D.I. 46 at 23.) The Court found, however, that Berry had a good cause of action under Section 1981. (*Id.* at 25.) The Court analyzed the plaintiff's evidence in accordance with the traditional three-part test of *McDonnell*. Under that test, the plaintiff must carry the initial burden of establishing a *prima facie* case of racial discrimination. If the plaintiff carries this burden, the burden then shifts to the employer to articulate a legitimate, non-discriminatory reason for the challenged action. The third step is to determine whether by a preponderance of the evidence the legitimate reasons offered by the defendant were not its true reasons but a pretext for discrimination. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802–804, 93 S.Ct. 1817, 1824–25, 36 L.Ed.2d 668 (1973). The ultimate burden of persuasion that the defendant discriminated intentionally against the plaintiff remains at all times on the plaintiff. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981).

At trial, the plaintiff alleged that Sipe had singled him out and that he was treated differently because of his race. He was the only black man in the office and for a period of time the only black man in the entire department of PDG. He had requested several times to be transferred because Sipe "was for some unknown reason trying to discredit" him. (D.I. 46 at 27–28.)

The Court held that the plaintiff had failed to make out a *prima facie* case of discrimination: "The plaintiff has not raised an inference of discrimination from the acts which he points to on the record which, if otherwise unexplained, must be more likely than not based on consideration of impermissible factors. *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949–50, 57 L.Ed.2d 957 (1978)." (D.I. 46 at 29.) The Court found that the plaintiff's conclusory assertion that he was treated differently by itself was insufficient to raise an inference of discrimination under the first hurdle of the *McDonnell* test. (D.I. 46 at 28.) Berry showed no direct evidence of racial bias by the DuPont employees whose decisions most directly affected him. Of Sipe, Rogers, and Antonson, the plaintiff had pointed only to Rogers who he claimed to be racially biased only because he came from Boston, which "is known to be racially biased." (*Id.* at 29.) The Court heard the testimony of DuPont's witnesses at the trial and found that their statements under oath that racial discrimination played no role at all in their dealings with Berry were valid. The Court also noted that the EEOC had concluded that there was no reasonable cause to believe that DuPont had discriminated against Berry. (*Id.*)

In discussing the second step of the *McDonnell* analysis, the Court stated that even assuming that the plaintiff had presented a *prima facie* case of discrimination, the defendant effectively rebutted this *prima facie* case with "explicit, legitimate reasons for the decision, first to attempt to transfer the plaintiff, and finally, to terminate his employment." The defendant demonstrated that the underlying reason for Berry's difficulties with his position as Distribution Coordinator lay in his own performance in this position. (D.I. 46 at 29–30.)

## ANALYSIS

Under 42 U.S.C. § 1988[2] and 42 U.S.C. § 2000e–5(k),[3] the Court has discretion to grant to the prevailing party in a civil rights action a reasonable attorney's fee. The applicable standard for awarding attorney's fees under the two sections is identical. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 758 n. 5, 100 S.Ct. 2455, 2460 n. 5, 65 L.Ed.2d 488 (1980). A district court may award attorney's fees to a prevailing defendant when it finds that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). The Supreme Court has held that there are important policy reasons for such a stringent standard when considering an award of fees against an unsuccessful plaintiff:

> To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inherent in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless the Court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate

after it clearly became so. 434 U.S. at 422 [98 S.Ct. at 700–01].

*Id.* at 14–15, 101 S.Ct. at 178–79.

The Supreme Court has emphasized that in awarding such fees a court should not engage in *post hoc* reasoning by concluding that because a plaintiff did not prevail in his suit his action must have been unreasonable or without foundation. Only the most "airtight" of claims would come to trial under such a standard because a prospective plaintiff can seldom be sure of ultimate success:

> No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg Garment Co.,* 434 U.S. at 422, 98 S.Ct. at 700–01.

There is no dispute in this case that DuPont, the defendant, is a "prevailing party." The issue here goes to the merits of the plaintiff's claims. The substance of the defendant's argument is that the plaintiff's claims were groundless because he failed to present any real evidence of discrimination. (D.I. 53 at 6.) The defendant cites the Court's finding that the plaintiff failed to make out even a *prima facie* case of discrimination. (D.I. 46 at 29.) The Court in its opinion noted that the plaintiff did not offer any "evidence that he was treated differently from other similarly situated white employees" or any "evidence

---

**2.** The court in its discretion may award attorney's fees to a "prevailing party" in a Section 1981 action. Section 1988 reads in pertinent part:

> In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this Title IX of Public Law 92–318, or Title VI of the Civil Rights Act of 1964, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

**3.** 42 U.S.C. § 2000e–5(k), which covers awards of attorney's fees in Title VII cases, reads in pertinent part: "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for the costs the same as a private person."

of racial bias by the DuPont employees whose decisions affected him in his employment." (*Id.* at 28–29.) In sum, Berry's failure to present any evidence in support of his claim of discrimination establishes that he continued to litigate after it became clear through discovery that his claims were groundless. At most, his action was groundless from the outset because of the absence of such evidence and the EEOC's finding of no reasonable cause to believe that discrimination had occurred. (D.I. 53 at 7.)

DuPont also suggests that the plaintiff's initial demand for $15 million dollars in compensatory and punitive damages and later for $10 million dollars in a pretrial order for punitive damages was evidence of bad faith although bad faith is not a prerequisite for awarding attorney's fees to a defendant. (D.I. 53 at 7.) *Christiansburg Garment Co.*, 434 U.S. at 421, 98 S.Ct. at 700.

■■■ Although a defendant has prevailed in a civil rights case, and a plaintiff has not met its *prima facie* burden, it does not necessarily follow that attorney's fees should be awarded to the defendant. *Pippin v. United States Truck Co., Inc.*, 520 F.Supp. 144, 149 (E.D.Mich.1981). DuPont is asking this Court to engage in a form of *post hoc* reasoning against which the Supreme Court warned in *Christiansburg Garment Co.* Because a plaintiff has not met a *prima facie* burden and has not presented enough evidence to show discriminatory treatment, such failure does not lead to a finding of frivolity or groundlessness. The plaintiff's claim may still remain one colorable in the law. *Pippin*, 520 F.Supp. at 150. Whether a plaintiff has established a *prima facie* case is only one factor in considering whether a claim is frivolous or groundless. Other factors are whether the defendant offered to settle and whether the trial court dismissed the case prior to trial or held a full blown trial on the merits. *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir.1985).

■■■ In this case, the Court was compelled by certain doubts involving credibility to deny a grant of summary judgment to the defendant. Another material issue which resulted in this denial concerned the plaintiff's request for a transfer in September 1980 and the defendant's policy concerning transfers. (D.I. 31 at 2.) It is also a fact that the plaintiff was the only black man in his office at the PDG and for a period of time the only black in the entire department of the PDG. (D.I. 44 at 3.) Although it is true that the plaintiff's evidence consisted of inferences of discrimination, without the concrete factual proof necessary to shift the burden to the defendant, such inferences were legitimate and reasonable, and could be dispelled only in a "full-blown trial" on the merits. The Court, after carefully weighing the testimony of his superiors and of Berry himself, found that he failed to carry his initial burden of proof. Although the Court in its opinion found that the plaintiff's evidence *at trial* did not support an inference of discrimination, the plaintiff's claims were not "frivolous, unreasonable, or groundless" within the stringent standards as enunciated by the Supreme Court in *Christiansburg Garment Co.*, 434 U.S. at 422, 98 S.Ct. at 700–01.

An order will be entered in accordance with this opinion.